**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ERIC LEE PROCTOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-24-1308-G** |
| | ) |
| **KEVIN STITT, Governor, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Eric Lee Proctor, a state inmate appearing pro se, herein brings a federal civil rights Complaint (Doc. Nos. 1, 13) pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review.

### I.    *The Report and Recommendation*

On February 26, 2025, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 16) recommending that this action be dismissed in part on screening. Plaintiff timely filed an Objection to the R. & R.  *See* Pl.'s Obj. (Doc. No. 17).  Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted this de novo review, the Court finds as follows.

In his Complaint, Plaintiff brings claims pursuant to § 1983 against multiple state officials in both their official and individual capacities.  *See* Doc. No. 1, at 4; Doc. No. 13,

at 1; R. & R. at 2 n.4.  Judge Mitchell recommended that all claims be dismissed without prejudice, with the exception of (i) the official-capacity claims raised against Defendant Stitt, Defendant Tom Bates, and Defendant Steven Harpe, which should proceed; and Iii) the official-capacity claims against Defendant District Attorney Joshua McGoldrick, which the Court should abstain from hearing.  *See* R. & R. at 2, 7-15.

II.    *Plaintiff's Objection*

Plaintiff objects only to Judge Mitchell's recommendation of abstention as to the claims against Defendant McGoldrick.  *See* Pl.'s Obj. at 1-3.  As to the unopposed remainder of the R. & R., the undersigned concurs with Judge Mitchell's recommendation.

Plaintiff alleges that Defendant McGoldrick violated his Fourteenth Amendment due process and equal protection rights in connection with a 1994 criminal prosecution of Plaintiff in the District Court of Grady County, Oklahoma.  *See* Doc. No. 1, at 6-7, 9-11; Doc. No. 13, at 1-3; R. & R. at 4-7.  Judge Mitchell found that, because Plaintiff was pursuing an ongoing challenge to his conviction and sentencing in the state trial court, the Court should abstain from hearing these claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  *See* R. & R. at 12-14 (citing *State v. Proctor* ("*Proctor I*"), No. CF-1994-78A (Grady Cnty. Dist. Ct.), *docket available at* https://www.oscn.net); *see also Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (noting that, under *Younger*, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which

2

traditionally look to state law for their resolution or implicate separately articulated state policies" (internal quotation marks omitted)).

Plaintiff objects, arguing that *Younger* abstention should not apply due to the inadequacy of the state remedy available to Plaintiff and the bad-faith conduct of the prosecution. *See* Pl.'s Obj. at 1-2; *Younger*, 401 U.S. at 53-54.

The Court need not reach the merits of Plaintiff's objection. A review of the publicly available docket in Plaintiff's state-court criminal proceeding reflects that after the R. & R. was issued, the Grady County District Court denied Plaintiff's requests for postconviction relief. *See Proctor I* (docket entries: June 9, 2025; June 30, 2025; Nov. 25, 2025). There is no indication of any additional activity in the state courts on those requests.

The Court takes judicial notice of the *Proctor I* case docket and concludes that, because the factual circumstances have changed since the issuance of the R. & R. and Plaintiff's state-court challenge to his criminal proceeding is no longer pending, abstention on the cited basis is not supported by the current record.

CONCLUSION

Accordingly, the reasoning of the Report and Recommendation issued February 26, 2025 (Doc. No. 16) is ADOPTED to the extent set forth herein.

IT IS THEREFORE ORDERED that Plaintiff's official-capacity claims against Defendants Stitt, Bates, Harpe, and McGoldrick shall proceed. All other claims are DISMISSED without prejudice.

4

IT IS SO ORDERED this 24th day of July, 2026.

CHARLES B. GOODWIN
United States District Judge