**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ERIC LEE PROCTOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-1308-G** |
| | ) | |
| **KEVIN STITT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

# REPORT AND RECOMMENDATION

Plaintiff Eric Lee Proctor filed this suit pursuant to 42 U.S.C. § 1983. Doc. 1.[1] United States District Judge Charles Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Plaintiff filed a motion for a preliminary injunction. Doc. 27. Plaintiff seeks an order "requiring Defendants to provide Plaintiff with a constitutionally meaningful opportunity to obtain release." *Id.* at 2.2 For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motion.

---

1 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

2 Plaintiff further requests that the Court issue a permanent injunction "upon final judgment." *Id.* at 2. This request is premature and should be denied.

## I. Preliminary injunction requirements.

"A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

Under Federal Rule of Civil Procedure 65(a)(1), a court may only grant a motion for a preliminary injunction "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). While a party may obtain a temporary restraining order without notice to opposing parties, the moving party must comply with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiff has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion.

Plaintiff's failure to provide any details indicating efforts to provide Defendants notice of his Motion "prevents the entry of a preliminary injunction." *Folsom v. Knutson*, No. CIV-13-632-D, 2013 WL 4840479, at *2 (W.D. Okla. Sept. 10, 2013). Therefore, the Court should deny the motion. *See, e.g.*, *Beierle v. Zavares*, 215 F.3d 1336, 2000 WL 757725, at *6 (10th Cir. June

12, 2000) ("Compliance with [the preliminary injunction] notice requirement is mandatory"); *Bahadorani v. Bondi, et al.,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's motion for a preliminary injunction. Doc. 27.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 11, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE